Dan Gourley Fire Chief Bonita Springs
QUESTIONS:
1. May the Bonita Springs Fire Control and Rescue District require the state attorney to prosecute violations of the rules and regulations adopted by the district for the prevention of fires and fire control?
2. May the Bonita Springs Fire Control and Rescue District adopt and enforce the Southern Standard Building Code as it relates to such things as fire walls and doors?
SUMMARY:
The Bonita Springs Fire Control and Rescue District is not authorized by law to require the state attorney to prosecute violations of the rules and regulations for the prevention of fires and fire control adopted by the district's governing board; the district is not authorized to adopt and enforce any provision of the Southern Standard Building Code or any of the State Minimum Building Codes provided for in s. 553.73, F. S.
Your questions are answered in the negative.
It is a well-established rule that special districts have only such powers as are expressly granted to them by law or those necessarily implied because they are essential to carry into effect those powers expressly granted. See AGO's 073-374 and 074-169. In order to answer the questions you have posed, it becomes necessary to look at the enabling legislation establishing the Bonita Springs Fire Control and Rescue District and defining its duties, powers, and authority.
The district was created by the Legislature to prevent and extinguish fires and provide rescue services in specifically described parts of Lee County. See ch. 65-1828, Laws of Florida, as amended by chs. 68-90 and 69-1242, Laws of Florida. The district's governing body is empowered.
 to buy, own and maintain a fire department within the district and to purchase, own and dispose of fire-fighting equipment and property, real or personal, which the board may, from time to time, deem necessary or desirable to prevent and extinguish fires within the district, and provide rescue services during emergencies. [Section 3 of ch. 65-1828.]
In addition, the board is empowered `to make rules and regulations for the prevention of fires, fire control and for rescue work within the district.' See s. 4 of ch. 65-1828. It is further provided in s. 4 that these rules and regulations, after being made by the board and posted for 10 days in at least three public places within the district, `shall have the force and effect of law.' However, the statute does not prescribe any penalty for any violation of such rules or regulations or provide for any enforcement authority or procedures, criminal or civil.
AS TO QUESTION 1:
The express powers granted to the Bonita Springs Fire Control and Rescue District nowhere mention the right to require the state attorney to enforce or prosecute violations of any rules and regulations that may be adopted by the board; neither does the special act creating the district, or any other law of which I am aware, purport to authorize the state attorney to prosecute violations of such rules. In fact, the special act creating the district does not expressly grant the board the power to enforce its rules and regulations in any manner or prescribe any penalty for violations thereof. Cf. s. 18, Art. I, State Const., which provides that `[n]o administrative agency shall impose a sentence of imprisonment nor shall it impose any other penalty except as provided by law.' And see AGO 079-109, in which I concluded that even a charter county does not possess the power to authorize one of its own agencies to impose a civil penalty for violation of its cease and desist orders. Consequently, in the absence of even the faintest indication that the Legislature intended for the board to have the power to penalize violations of such rules or that it meant to provide any authority or procedure for prosecuting violators, I cannot say that such power can be implied as necessary to carry out those powers expressly granted.
AS TO QUESTION 2:
The board is granted the power to adopt rules and regulations for the prevention of fires, fire control, and rescue work. Section 4, ch. 65-1828, Laws of Florida. It is my opinion that a buildingcode, even though it may contain standards relating to such things as fire walls and doors, is not comprehended within the terms `prevention of fires, fire control and rescue work.' This conclusion is buttressed by a reading of part VI of ch. 553, F. S., the Florida Building Codes Act. Section 553.73(1) in that act requires local governments and state agencies with buildingconstruction regulation responsibilities to adopt a building code which, according to s. 553.73(6), may be divided into various segments, including one covering fire prevention. The State Minimum Building Codes consist of those nationally recognized model codes listed in s. 553.73(2). The adoption of no other model code is authorized by law. The State Board of Building Codes and Standards is authorized to recommend amendments of the State Minimum Building Codes and to issue advisory opinions to local enforcement agencies or private parties relating to interpretation, enforcement, administration, or modification by local governments of the State Minimum Building Codes. Sections553.73(7) and 553.77(1)(d).
While the Florida Building Codes Act requires local governments to adopt one of the designated model building codes, the term `local government' is not defined in that law. Other provisions of the act make it clear, however, that that term means municipalities and counties and does not contemplate special districts. See, for example, s. 553.73(5), F. S., which provides that `[i]t shall be the responsibility of each municipality and county . . . to enforce the specific model code . . . adopted by that municipality[or] county . . .' (Emphasis supplied.); and see s. 553.73(6), which states in pertinent part that `[t]he specific model code . . . adopted by a municipality, county, or state agency shall regulate every type of building structure, wherever it might be situated in the code enforcement jurisdiction.' (Emphasis supplied.) Finally, I cannot say that the Bonita Springs Fire Control and Rescue District is a `local enforcement agency' as that term is defined in s. 553.71(3), F. S., since such an agency must have the authority `to make inspections of buildings and to enforce the codes which establish standards for construction, alteration, repair, or demolition of buildings.' The Bonita Springs Fire Control and Rescue District is nowhere granted such power.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General